**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

KENNETH MOTLEY,                )
                                    )
            Plaintiff,         )
                                    )     Case No. 24 CV 13221
          v.                 )
                                    )     Judge Sharon Johnson Coleman
                                    )
ILLINOIS DEPARTMENT OF     )
CORRECTIONS,                 )
                                    )
           Defendant.      )

**MEMORANDUM OPINION AND ORDER**

*Pro se* Plaintiff Kenneth Motley, an African American male, brings this case under 42 U.S.C. § 1983 against Defendant Illinois Department of Corrections (the "IDOC") alleging that it discriminated against him on the basis of race and wrongfully terminated him as a corrections officer. Before the Court is the IDOC's motion to dismiss Motley's complaint [16].[1] For the following reasons, the Court grants the IDOC's motion to dismiss.

**I.      Background**

The following facts are taken from Motley's complaint and accepted as true for the purpose of resolving the instant motion to dismiss. Motley, who is African American, began working for the IDOC as a Corrections Officer at Pontiac Correctional Center in January 2018. During his training, the IDOC investigated Motley (a) based on false complaints that he had announced his intent to join the Black Panther Party, when in actuality, Motley had merely announced his plans to see the premier

---

[1] The Court strikes Motley's amended complaint [11] as improper, as Motley neither requested leave to file an amended complaint nor filed one within the allowable period for amendments as of right. *See* Fed. R. Civ. P. 15(a)(1). For the same reasons, the Court rejects Motley's second attempt to amend the pleadings through his "Amended Motion to Respond to Motion for Dismissal." *See* Dkt. 22 at *1 ("I take this opportunity in this amendment to amend my complaint to include the STATE OF ILLINOIS as a defendant . . .").

of the movie Black Panther; (b) for alleged inappropriate and racially motivated comments he made about his supervisor in a voluntary survey; and (c) for an alleged harassing comment of a sexual nature he made to a Caucasian female probationary corrections officer. (Dkt. 1.) After its investigation, the IDOC suspended Motley on or around May 18, 2018, and terminated his employment on June 18, 2018. (*Id.* at *8.) Motley alleges that non-African American employees were not investigated, disciplined, or terminated for comments they made about the movie Black Panther or for offensive comments they made at work. (*Id.* at *7–*8.)

Motley also alleges that he reapplied for a position as a Corrections Officer on March 4, 2019, after which IDOC falsely told him that he had failed the entrance exam. (*Id.* at *8.)

On December 26, 2024, Motley filed this action under 42 U.S.C. § 1983 alleging that the IDOC discriminated against him on the basis of race. The IDOC now moves to dismiss Motley's complaint under Rules of Civil Procedure 12(b)(1) and 12(b)(6).

## II.   Legal Standard

A motion to dismiss for lack of subject matter jurisdiction may be made pursuant to Federal Rule of Civil Procedure 12(b)(1). *See Taylor v. McCament*, 875 F.3d 849, 853 (7th Cir. 2017). The plaintiff has the burden of establishing standing. The Court "does not look beyond the allegations in the complaint" to assess whether the plaintiff has sufficiently alleged a basis of subject matter jurisdiction, *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 443 (7th Cir. 2009), and "must accept all well-pleaded factual allegations as true and draw all reasonable inferences in favor of the plaintiff." *Silha v. ACT, Inc.*, 807 F.3d 169, 173 (7th Cir. 2015).

In reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in favor of the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 93–94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007) (per curiam). A complaint must contain factual allegations that, accepted as true, "state a claim to relief

2

that is plausible on its face." *Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 463 (7th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009)). A complaint is facially plausible when the plaintiff alleges "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678.

## III. Discussion

The IDOC sets forth four arguments for dismissal of Motley's complaint: (1) the Eleventh Amendment bars Motley's § 1983 claim against the IDOC; (2) the IDOC is not a "person" who may be sued under § 1983; (3) Motley's § 1983 claim is barred by the two-year statute of limitations; and (4) any state law claims that Motley purports to bring are barred by the Eleventh Amendment and state sovereign immunity principles.

Although it is clear that at least some of Motley's allegations are disturbing, the Court finds that Motley's suit against the IDOC, to the extent he requests money damages, is barred by the Eleventh Amendment of the U.S. Constitution. The Eleventh Amendment prohibits federal courts from hearing suits by private litigants against non-consenting States, except where Congress has explicitly abrogated the state's immunity. *Kroll v. Bd. of Trustees of Univ. of Ill.*, 934 F.2d 904, 907 (7th Cir. 1991). The Supreme Court has been clear that State agencies are "arms of the state," *P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144, 147, 113 S. Ct. 684, 121 L. Ed. 2d 605 (1993), are not "persons" within the meaning of § 1983, and are also immune from suit under the Eleventh Amendment. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66, 71, 109 S. Ct. 2304, 105 L. Ed. 2d 45 (1989) ("Section 1983 provides a federal forum to remedy many deprivations of civil liberties, but it does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties.").

The IDOC, an Illinois state agency, is an arm of the state and is thus entitled to sovereign immunity. *See Vernon v. Ill. Dep't of Corr.*, 2023 WL 5980009, at *2 (N.D. Ill. Sept. 14, 2023) (Coleman,

J.); *Taylor v. Stateville Dep't of Corr.*, 2010 WL 5014185, at *2 (N.D. Ill. Dec. 1, 2010) (Coleman, J.); *Herndon v. Ill. Dep't of Corr.*, 2016 WL 11656986, at *2 (N.D. Ill. Feb. 4, 2016) (Coleman, J.). As a result, Motley's § 1983 claim must be dismissed for lack of jurisdiction. *See McHugh v. Ill. DOT*, 55 F.4th 529, 535 (7th Cir. 2022) (recognizing that sovereign immunity is a jurisdictional issue).

Insofar as Motley seeks injunctive or declaratory relief, the Court dismisses Motley's claim for failure to state a claim under Rule 12(b)(6) because States, and by extension State agencies, "cannot be considered 'persons' subject to suit under § 1983." *Ill. League of Advocates for the Developmentally, Disabled v. Quinn*, 2013 WL 5548929, at *3 (N.D. Ill. Oct. 8, 2013) (Aspen, J.) (quoting *Wynn v. Ill. Dep't of Human Servs.*, 2012 WL 2992132, at *2–*3 (N.D. Ill. Jul. 16, 2012) (Darrah, J.)).

## IV. Conclusion

For the foregoing reasons, the Court grants the IDOC's motion to dismiss with prejudice, as Motley cannot overcome the hurdles addressed in this Opinion.

**IT IS SO ORDERED.**

_____
Sharon Johnson Coleman
United States District Judge

DATED: 9/2/2025