**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| KENNETH MOTLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 24-cv-13221 |
| v. | ) | |
| | ) | Judge Sharon Johnson Coleman |
| ILLINOIS DEPARTMENT OF CORRECTIONS, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Kenneth Motley alleges that his former employer, Defendant Illinois Department of Corrections ("IDOC"), discriminated against him on the basis of his race (African American). On December 24, 2024, he filed this federal lawsuit as a *pro se* plaintiff against IDOC within the ninety-day window established by his receipt of a right-to-sue letter from the Department of Justice ("DOJ"). After initially losing a motion to dismiss, Mr. Motley successfully convinced the Court to reconsider that decision. He subsequently amended his complaint, and then survived a second motion to dismiss. The Court then appointed counsel for Mr. Motley, IDOC answered the amended complaint, and the parties began discovery in May 2026.

IDOC now moves to amend its answer by adding a new affirmative defense. In brief, IDOC claims that Mr. Motley's Title VII claims are time barred because the Equal Employment Opportunity Commission ("EEOC") issued previous a right-to-sue notice in March 2024—several months before the DOJ letter that Mr. Motley received in October 2024, and significantly more than ninety days prior to the commencement of Mr. Motley's federal suit. Mr. Motley opposes the motion, arguing that the amendment would be futile and prejudicial. The Court agrees that the amendment is futile. On its reading of the relevant statutes and regulations, the Court finds that the earlier letter from the EEOC

had no legal effect. Mr. Motley's filing deadline was therefore established by the later letter from the DOJ. The Court therefore denies the motion.

## BACKGROUND

The Court will presume familiarity with the facts of this case from its previous orders. *See Motley v. Illinois Dep't of Corr.*, 2026 WL 497226, at *1 (N.D. Ill. Feb. 23, 2026). For the purpose of the instant motion, the Court will simply summarize the relevant dates.

Mr. Motley filed his complaint with the EEOC in 2018, shortly after being fired from his job as a corrections officer with IDOC. Resolution of this complaint took significantly longer than normal, apparently due in part to requests from IDOC for additional time to respond, and also due in part to delays from the EEOC. In 2024, about six years after being fired, Mr. Motley petitioned the EEOC for a right-to-sue letter. IDOC alleges that Mr. Motley received notice from the EEOC of his right to sue on March 11, 2024. (IDOC claims to have become aware of this letter after serving a third-party subpoena on the EEOC early in discovery.) Mr. Motley disputes ever receiving the notice, but all parties agree that he did not file suit following the alleged notice. On October 10, 2024, Mr. Motley received a separate notice of his right to sue, issued by the DOJ. Both letters reference the same charge number. He filed his initial complaint on December 24, 2024, within ninety days of receiving the DOJ letter. After more than a year of litigating motions to dismiss, IDOC filed its answer on March 23, 2026. Discovery began in earnest in May 2026. The deadline to amend pleadings under the standard set by Federal Rule of Civil Procedure 15(a) is November 20, 2026.

On September 17, 2026, IDOC filed the instant motion seeking leave to amend its answer. Both parties timely filed their respective response and reply briefs. Oral arguments were held on October 19, 2026, after which the Court took the motion under advisement.

## LEGAL STANDARD

If more than twenty-one days have passed after service of a pleading, a party may amend only by leave of the court or by written consent of the adverse party. Fed. R. Civ. P. 15(a). Leave to amend should be freely given when justice so requires. *Id.* This is a "liberal standard for amending." *Runnion ex rel. Runnion v. Girl Scouts of Greater Chicago & Nw. Indiana*, 786 F.3d 510, 519 (7th Cir. 2015). However, there is no absolute right to amend, *Brunt v. Serv. Employees Int'l Union,* 284 F.3d 715, 720 (7th Cir. 2002), and an amendment can be denied for undue delay, bad faith, dilatory motive, prejudice, or futility, *Ind. Funeral Dir. Ins. Trust v. Trustmark Ins. Corp.,* 347 F.3d 652, 655 (7th Cir. 2003). A proposed amendment to add an affirmative defense is futile if it could not survive a Rule 12(f) motion to strike. *Schoff v. Wal-Mart, Inc.*, No. 2:20-CV-129-TLS-JPK, 2020 WL 6074385, at *1 (N.D. Ind. Oct. 15, 2020) (collecting cases)

## DISCUSSION

Under 42 U.S.C. § 2000e-5(f)(1), EEOC complainants must file suit in federal court within ninety days of receiving notice of their right to sue from the EEOC or DOJ. If the complainant fails to do so, then their suit can be barred under the statute of limitations. *Fort Bend Cty. v. Davis*, 587 U.S. 541, 545 (2019). This time limit is not jurisdictional; it is a claim-processing rule that must be raised as an affirmative defense, and "may be forfeited 'if the party asserting the rule waits too long to raise the point.'" *Id.* at 549 (quoting *Eberhart v. United States*, 546 U.S. 12, 19 (2005) (*per curiam*)).

Because the deadline for pleading amendments has not yet passed, IDOC's motion to amend is evaluated under Rule 15's "liberal standard for amending," *Runnion*, 786 F.3d at 519, rather than the more stringent good-cause standard of Rule 16. IDOC argues that the EEOC letter it allegedly[1] recently discovered provides a good faith basis for claiming that the statute of limitations expired on

[1] Mr. Motley claims that IDOC actually received notice of the EEOC letter in March 2024. Dkt. 76 at *10. The issue of when IDOC became aware of the EEOC letter will be discussed below.

June 9, 2024, and that is sufficient to justify permitting it to amend its answer to raise an affirmative defense that the suit is time-barred. However, Mr. Motley contends that the earlier EEOC letter had no legal effect because any right-to-sue notice involving a government respondent must be issued by the DOJ. As such, Mr. Motley argues that the amendment should be denied as futile. The Court agrees with Mr. Motley.

All parties agree that there are at least some cases in which notice of a complainant's right to sue a government employer *must* come from the DOJ. IDOC argues that the EEOC is permitted to issue a notice if it makes "no finding of probable cause." Here, the EEOC never made a finding of any sort; the long-delayed right-to-sue notice came in response to Mr. Motley's decision to exercise his statutory right to receive a notice if more than 180 days have passed since the EEOC complaint was filed. 42 U.S.C. § 2000e-5. As such, because the EEOC did not make a finding of probable cause (or any finding at all), IDOC argues that the EEOC had authority to issue its letter and to begin Mr. Motley's ninety-day filing clock. In contrast, Mr. Motley argues that the EEOC may *only* issue a right-to-sue notice with a government respondent if it explicitly "dismisses claims against … governmental entities based on *specified grounds*." Dkt. 76 at *3 (emphasis in original). Here, the EEOC never dismissed the charges against IDOC (and certainly never did so on specified grounds), so Mr. Motley argues that it had no authority to issue its letter.[2]

[2] The EEOC letter is titled "Dismissal of Charges." Dkt.. 69-2 at *1. However, Mr. Motley argues persuasively that the relevant regulations only permit *dismissal* of a charge (as opposed to termination of an investigation following a request for a right-to-sue letter) if the EEOC determines that a complaint is facially invalid, or if the EEOC conducts an investigation and concludes that the complaint does not state a claim. 29 C.F.R. § 1601.18(a); *see also* 29 C.F.R. § 1601.28(a)(3) (absent unusual circumstances, "[i]ssuance of a notice of right to sue shall terminate further proceeding of any charge that is not a Commissioner charge"). In such a situation, the EEOC must issue a determination. *Id.* § 1601.19(a). The Supreme Court has also drawn a distinction between dismissed claims and terminated claims following a letter request from the complainant. *Fort Bend*, 587 U.S. at 545. The Court agrees with Mr. Motley that, despite its title, the EEOC letter should not be construed as a dismissal of charges in the sense contemplated by 29 C.F.R. §§ 1601.18(a), 1601.19(a), and 1601.28(d).

Unfortunately, the dense statutory language pertinent to this case is not a model of clarity or readability. *See generally* 42 U.S.C. § 2000e-5. As relevant here, the statute states:

> If … the Commission has not filed a civil action under this section or the Attorney General has not filed a civil action in a case involving a government, governmental agency, or political subdivision, or the Commission has not entered into a conciliation agreement to which the person aggrieved is a party, the Commission, or the Attorney General in a case involving a government, governmental agency, or political subdivision, shall so notify the person aggrieved and within ninety days after the giving of such notice a civil action may be brought against the respondent[.]

*Id.* § 2000e-5(f)(1). This passage appears to require the DOJ to issue right-to-sue notices when the respondent is a government entity. *See id.* ("[T]he Attorney General[,] in a case involving a government, governmental agency, or political subdivision, shall so notify the person aggrieved[.]") The regulations support this reading as well, and much more clearly:

> In all cases where the respondent is a government, governmental agency, or a political subdivision, the Commission will issue the notice of right to sue *when there has been a dismissal of a charge*. … In all other cases where the respondent is a government, governmental agency, or political subdivision, the Attorney General will issue the notice of right to sue, including… [w[here a charging party has requested a notice of right to sue[.]

29 C.F.R. § 1601.28(d) (emphasis added). This regulation unambiguously establishes that it is the responsibility of the DOJ to issue a right-to-sue notice in a situation such as the current one, where there is a government respondent and Mr. Motley requested a right-to-sue letter.

IDOC does not make any argument rooted in statutory or regulatory interpretation. They instead cite opinions from other courts. However, it appears that there is no Seventh Circuit precedent on this matter, nor is the Court aware of any other cases from within this district that have confronted the same question. The Court has found one other opinion from the Northern District of Illinois that comments on this legal issue in passing, but not as a primary focus of the order. *Knapp v. City of Markham*, No. 10 C 03450, 2011 WL 3489788, at *4, n.1 (N.D. Ill. Aug. 9, 2011) (Chang, J.) Judge Chang's brief analysis in that case supports Mr. Motley's position: "As a formal matter, because the

respondent in this case is a governmental entity, the notice of right to sue should be issued by the Attorney General of the United States. … In the event [the plaintiff's] charge is dismissed, the EEOC is the proper federal agency to issue the notice of right to sue. In all other cases, the Attorney General will issue notice." *Id.* (citations omitted). IDOC has also identified a case from another district in this circuit that adopted an interpretation close to IDOC's position. *Gildon v. Ivy Tech Cmty. Coll.*, No. 1:21-CV-1109-JMS-MG, 2022 WL 1104898, at *5 (S.D. Ind. Apr. 12, 2022). However, in that case the EEOC dismissed the charges against the plaintiff, which—both Mr. Motley and IDOC would agree—unambiguously gave the EEOC legal authority to issue a right-to-sue notice. *Id.* at *6. Here, the EEOC did not dismiss the charges against Mr. Motley. The Court therefore finds *Gildon* to present a legally distinct scenario and thus to be of limited persuasive value for the instant motion.

Within other circuits, the D.C. Circuit has interpreted the statutes and regulations in the manner supported by the IDOC, while at least the Fourth, Fifth, Eighth, Tenth, and Eleventh Circuits have adopted a reading of the law that closely mirrors Mr. Motley's understanding. *Compare Dougherty v. Barry*, 869 F.2d 605, 611 (D.C. Cir. 1989), *with Moore v. City of Charlotte, NC*, 754 F.2d 1100, 1104 n.1 (4th Cir. 1985), *and Hendrix v. Memorial Hosp.,* 776 F.2d 1255, 1256–57 (5th Cir. 1985) (partly abrogated on other grounds by *Schiavone v. Fortune*, 477 U.S. 21, 30 (1986)), *and Shea v. City of St. Paul*, 601 F.2d 345, 349-51 & n.6 (8th Cir. 1979), *and Hiller v. Oklahoma ex rel. Used Motor Vehicle & Parts Comm'n*, 327 F.3d 1247, 1250–51 (10th Cir. 2003), *and Fouche v. Jekyll Island-State Park Auth.*, 713 F.2d 1518, 1524 (11th Cir. 1983). The bulk of circuit precedent, in other words, firmly favors Mr. Motley.

With respect to the major outlier, *Dougherty*, the Court does not find its reasoning persuasive. The *Dougherty* panel conceded that, based on the passage quoted above from 42 U.S.C. § 2000e-5(f)(1), "Courts have tended to interpret Title VII" in the manner suggested by Mr. Motley. 869 F.2d at 611. However, the panel ruled that "an earlier sentence of that section [of the statute] indicates that the EEOC will refer a case to the Attorney General *only* if the EEOC's conciliation efforts fail." *Id.*

(emphasis added). The problem, however, is that nothing in the passage suggests an "only" limitation. Here is the passage cited by the *Doughtery* panel:

> In the case of a respondent which is a government, governmental agency, or political subdivision, if the Commission has been unable to secure from the respondent a conciliation agreement acceptable to the Commission, the Commission shall take no further action and shall refer the case to the Attorney General who may bring a civil action against such respondent.

42 U.S.C. § 2000e-5(f)(1). Here, the statute requires the EEOC to refer a case to the DOJ when there is a government respondent and the EEOC has not been able to secure an acceptable conciliation agreement. But nothing in this passage (or elsewhere in the statute) suggests that this is the *only* circumstance under which the EEOC may refer a government-respondent case to the DOJ. With all due respect to the D.C. Circuit, the *Doughtery* panel's decision to read an "only" limitation into this passage appears to be entirely atextual. Moreover, given that statutes must "be read as a whole," *United States v. Atl. Rsch. Corp.*, 551 U.S. 128, 135 (2007), and given that later statutory language appears to require the DOJ to issue notices in *all* cases where neither the EEOC nor the DOJ has filed a civil suit or dismissed the claim (*see* the first block quotation above), the Court views the *Doughtery* panel's conclusion as contrary to the plain text of the relevant statute and regulations. As a final consideration, the Court notes that the Office of Legal Counsel has reached the same conclusion with respect to *Dougherty*. *Proposed Change in EEOC Regulations Concerning Right-to-Sue Notices for Public Sector Employees*, 23 Op. O.L.C. 224, 230–31 (1999).

The Court therefore agrees with Mr. Motley. In this circumstance, where the EEOC had not dismissed the charges, it was the obligation of the DOJ to issue the notice of Mr. Motley's right to sue. The fact that he made the request to the EEOC is of no import to the DOJ's obligation, because 29 C.F.R. § 1601.28(d)(2) states that the right-to-sue notice must come from the Attorney General following such a request. The EEOC therefore had no authority to issue its letter, and the letter had no legal effect. Mr. Motley's Title VII filing clock began on October 10, 2024, when he received his

letter from the DOJ, and any argument to the contrary based on the earlier EEOC letter is futile. The motion to amend must be denied.

Because the Court's conclusion as to futility is sufficient to deny the motion, the Court does not reach the additional arguments of undue delay, prejudice, and equitable tolling raised by Mr. Motley. However, the Court observes that IDOC's claim to have only recently discovered the EEOC letter is significantly undermined by the letter itself. The letter states that it was carbon-copied to the Illinois Department of Corrections, with the direction "Please retain this notice for your records." Dkt. 69-2 at *1. In other words, the evidence that suggests Mr. Motley received the EEOC letter in March 2024 also simultaneously suggests that IDOC received the letter at the same time. IDOC cannot ask why Mr. Motley did not respond to the EEOC letter without also raising questions as to why it did not, at the very least, include the affirmative defense in the answer it filed more than seven months ago.

This case is still in the early phases of discovery. There is presumably still significant litigation to come; absent a settlement, it is unlikely that this matter will be resolved soon. But a colorable complaint of racial discrimination filed in 2018 deserves, at the very least, forward motion. The Court suggests that the parties focus their efforts on discovery.

## CONCLUSION

Defendant's motion seeking leave to file an amended answer [69] is denied.

**IT IS SO ORDERED.**

Date: 10/28/2026



Entered: ______________________________
SHARON JOHNSON COLEMAN
United States District Judge